IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANA MCLEAN, individually and on behalf of T.P., <br><br> Plaintiff, <br><br> v. <br><br> EASTAMPTON SCHOOL DISTRICT, <br><br> Defendant. | Civil No. 19-11009 (RBK/KMW) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Eastampton School District's ("Eastampton") Motion to Dismiss (Doc. 6). Plaintiff Ana McLean brought this case pursuant to the Individuals with Disabilities Education Act ("IDEA") to challenge an Administrative Law Judge's ("ALJ") denial of the due process petition she brought on behalf of her child, T.P. For the reasons detailed herein, Defendant's motion is granted.

**I.  BACKGROUND[1]**

---

[1] The factual allegations presented here are taken from the Complaint and matters attached to it, including Plaintiff's due process petition (Doc. 1-3), the parties' summary decision briefs before the ALJ (Docs. 1-4, 1-5), and the ALJ's opinion granting summary decision (Doc. 1-6). *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (On a motion to dismiss, a court may properly consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record," as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

Plaintiff also attaches to the Complaint what purports to be a brief in support of summary judgment (Doc. 1-2). The Court is unaware why Plaintiff would attempt to move for summary judgment in her Complaint; however, even if the Court were to construe this as a summary judgment motion, it would be denied for failure to comply with L.Civ.R. 56.1(a), which requires a summary judgment movant to attach a separate statement of undisputed facts.

1

At the time Plaintiff filed the due process petition, T.P. was a fourth-grader attending Eastampton, and was eligible for special education and related services under the classification of "Other Health Impaired." (Doc. 1-5 at 5.) T.P. suffers from sensory processing disorder and conductive hearing loss. (*Id.*) On March 17, 2016, Plaintiff warned the Eastampton Board of Education that she would be seeking reimbursement for school tuition because T.P. was not receiving appropriate support services. (*Id.*) She states that Eastampton "was given an opportunity to remedy the situation." (*Id*.)

On June 1, 2016, Eastampton held an Individualized Educational Plan ("IEP") eligibility meeting to develop an IEP for T.P. for the remainder of the school year and for the following 2016-2017 school year. (Doc. 1-6 at 3.) At the meeting, Eastampton classified T.P. as emotionally disturbed, and noted that he had sensory processing difficulties, suffered from anxiety, and required preferential seating in class. (Doc. 1-6 at 3; Doc. 1-5 at 5.) Plaintiff rejected Eastampton's proposed IEP, taking issue with the classification of "emotionally disturbed." (Doc. 1-6 at 3.) On June 10, 2016, Plaintiff requested another meeting to discuss her concerns. (*Id.*)

On June 16, 2016, Plaintiff withdrew T.P. from Eastampton, and in September 2016 enrolled him in Kings Christian School for the 2016-2017 school year. (Doc. 1-6 at 4.) Following the 2016-2017 school year, Plaintiff re-enrolled T.P. in Eastampton. (*Id*.) Once T.P. was re-enrolled, Eastampton held an IEP meeting on July 12, 2017. (*Id*.) During the meeting, Eastampton developed an IEP for the 2017-2018 school year and proposed that T.P. be classified "Other Health Impaired." (*Id*.) Plaintiff consented to Eastampton's proposals. (*Id*.)

On August 31, 2018, Plaintiff filed a due process petition pursuant to the Individuals with Disabilities Education Act ("IDEA") alleging that the proposed June 1, 2016 IEP failed to provide T.P. with a Free Appropriate Public Education ("FAPE"). (Doc. 1-6 at 4.) Plaintiff sought

reimbursement of the tuition paid to Kings Christian School for 2016-2017 school year, including uniform costs. (*Id*.) Eastampton moved for summary decision, arguing that Plaintiff had filed the due process petition outside of the relevant two-year statute of limitations. (Doc. 1-4.) On January 25, 2019, ALJ Catherine A. Tuohy granted Eastampton's motion and dismissed Plaintiff's due process petition. (Doc. 1-6.)

The ALJ found that IDEA's two-year statute of limitations began running on the date Plaintiff "knew or should have known" of a FAPE violation; for Plaintiff's claim, this date was June 1, 2016, when Plaintiff rejected Eastampton's proposed IEP. (Doc. 1-6 at 6.) The ALJ found this date to be appropriate because Plaintiff had, in March 2016, already warned Eastampton that she believed T.P. was not receiving appropriate support services, and that she would be seeking tuition reimbursement. (*Id*.) The ALJ also found this date to be correct because the factual allegations in the complaint all involved events that occurred before the June 1, 2016 IEP meeting. (*Id*.) On April 24, 2019, Plaintiff filed this present action seeking review of ALJ Tuohy's decision. (Doc. 1.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

When deciding a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the face of the complaint. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). The court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the plaintiff. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The

inquiry is not whether [a plaintiff] will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims. *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id*.

### B. IDEA Standard of Review

When reviewing an administrative decision in an IDEA case, a district court must apply a "modified *de novo*" standard under which it gives "due weight" to the findings of the hearing officer. *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 734 (3d Cir. 2009). The hearing officer's factual findings are considered *prima facie* correct. *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 270 (3d Cir. 2003). If a district court does not accept those factual findings, it is obligated to explain why. *Id.* at 270. A district court must also accept

the hearing officer's credibility determinations, "unless countered by non-testimonial evidence on the record." *Id.* at 271.

A "district court's review of the hearing officer's application of legal standards and conclusions of law, on the other hand, is subject to plenary review." *Jana K. ex rel. Tim K. v. Annville-Cleona Sch. Dist.*, 39 F.Supp.3d 584, 594 (M.D. Pa. 2014) (citing *Warren G. v. Cumberland Cnty. Sch. Dist.*, 190 F.3d 80, 83 (3d Cir. 1999)). However, a district court should not "substitute its own notions of sound educational policy for those of local school authorities." *S.H.*, 336 F.3d at 270.

## III. DISCUSSION

### A. IDEA Statute of Limitations

The IDEA requires "states that receive federal education funding to ensure that disabled children receive a 'free appropriate public education.'" *Munir v. Pottsville Area Sch. Dist.*, 723 F.3d 423, 425–26 (3d Cir. 2013) (quoting 20 U.S.C. § 1412(a)(1)). "To comply with the IDEA, school districts must identify and evaluate all children who they have reason to believe are disabled under the statute." *Id.* at 426. If a child is eligible for IDEA services, the district "must create and implement an [IEP] based on the student's needs and areas of disability." *Id.*

If a school district fails to provide a FAPE, then parents may file a due process petition on behalf of their child and are entitled to a hearing before an administrative officer. 20 U.S.C. §§ 1415(b)(6), (f)(1)(A). If the hearing officer finds that the school district has failed to provide a child with a FAPE, then the child is entitled to nothing less than a "complete" remedy, including compensatory education. *G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 625 (3d Cir. 2015). If a party is dissatisfied with the administrative hearing, they may then file an action in state or federal court. *Id.* at 608.

5

A petition for due process under the IDEA must be brought within strict statutory guidelines. The IDEA requires that

> [a] parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency *knew or should have known* about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows.

20 U.S.C. § 1415(f)(3)(C) (emphasis added). New Jersey's requirements for a due process petition mirror the language used in § 1415(f)(3)(C). *See* N.J. ADMIN. CODE § 6A:14-2.7.

The Third Circuit has held that, absent meeting one of the two statutory exemptions in the IDEA, plaintiffs cannot bring a claim more than two years after the date they "knew or should have known about the alleged action." [2] *G.L.*, 802 F.3d at 611 (stating that "the statutory tolling provisions of § 1415(f)(3)(D) precluded application of common law tolling doctrines and were therefore the exclusive exceptions to the IDEA's two-year statute of limitations") (citing *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 248 (3d Cir. 2012). The statute of limitations under § 1415(f)(3)(C) "begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have discovered the facts constituting the violation–whichever comes first." *G.L.*, 802 F.3d at 614 (citing *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010)).

"Application of the IDEA statute of limitations is a highly factual determination that a hearing officer must make on a case-by-case basis." *Brady P. by Beth v. Cent. York Sch. Dist.*, Civ. No. 16-2395, 2018 WL 1367325, at *7 (M.D. Pa. Mar. 16, 2018). In making this determination, district courts within the Third Circuit "have generally focused on clear action or inaction by a

---

[2] The two statutory exceptions to the IDEA's statute of limitations come into play when a party has been prevented from timely requesting a hearing because of "(i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent." 20 U.S.C. § 1415(f)(3)(D)(i)-(ii).

school district sufficient to alert a reasonable parent that the child would not be appropriately accommodated." *Id.* (collecting cases).

For example, in *B.B. by & through Catherine B. v. Delaware Coll. Preparatory Acad.*, Civ. No. 16-806, 2017 WL 1862478, at *3 (D. Del. May 8, 2017), the court found that the plaintiff's action was time-barred because they did not bring the action until April 2016, but "should have known of the alleged injuries to B.B. by November 30, 2013, when parents, as part of the IEP team, were not asked to participate in any meetings regarding an update to the IEP." It further found that the "parents actually knew of the alleged injuries by February 2014 when [the parent] sent a letter to the [school] asking it to remedy those very same injuries." *Id.* Under either measure of time, the action was brought outside the two-year limit imposed by the IDEA. *Id.* Similarly, in *Solanco Sch. Dist. v. C.H.B.*, Civ. No. 15-02659, 2016 WL 4204129, at *7 (E.D. Pa. Aug. 9, 2016), the Court found that the discovery date was when the "Parent knew or should have known that her child was not going to be accommodated by the District." Specifically, this discovery date occurred on the day the parent notified the school that she was concerned over the school's inability to treat her child's seizure condition. *Id.* at *1.

**B. Application to T.P.'s Case**

In moving to dismiss, Eastampton argues that the ALJ correctly dismissed Plaintiff's due process petition under the statute of limitations. (Doc. 6 at 9.) Plaintiff contends, however, that the ALJ erred in choosing the wrong date from which the limitations period began to run. (Doc. 8 at 5.) While the ALJ found that the "should have known" date was June 1, 2016, when Plaintiff rejected the proposed IEP, Plaintiff argues that the statute of limitations did not begin to run until Plaintiff withdrew T.P. from Eastampton and paid tuition to Kings Christian School in September 2016. (*Id.*) After a review of the record, the Court finds that the ALJ's determination was proper,

7

as Plaintiff's proffered "should have known" date is implausible based on the timeline Plaintiff herself has outlined.

Plaintiff lists a number of incidents T.P. had at school, most notably: burning himself on an electrical socket, threatening self-harm, getting hurt in gym class, and physically striking his teachers when frustrated. (Doc. 1-2 at 2–4.) Importantly, all of these incidents occurred before the June 1, 2016 IEP meeting. (*Id*.) Plaintiff seems to insinuate that these incidents led to her warning Eastampton on March 17, 2016 that she would seek tuition reimbursement, as T.P. was not receiving appropriate support services. (*Id*. at 3.) On June 1, 2016, Eastampton proposed an IEP and classifications for T.P., which Plaintiff rejected. At this point, as the ALJ correctly determined, Plaintiff was clearly asserting that T.P. was not receiving a FAPE; further, it was the point at which "a reasonably diligent plaintiff would have discovered the facts constituting the violation." *G.L.*, 802 F.3d at 614. At that time, a reasonably diligent plaintiff would be on notice that Eastampton may have failed to provide T.P. with a FAPE.

Thus, to file within the two-year IDEA limitations period, Plaintiff would have needed to file by June 1, 2018. She did not file until August 31, 2018. Accordingly, the ALJ properly denied her petition as outside the statute of limitations. (Doc. 1-6 at 7.) Eastampton's motion to dismiss is therefore granted.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**. An accompanying Order shall issue.

Dated:        2/11/2020                                              /s Robert B. Kugler
                                                                     ROBERT B. KUGLER
                                                                     United States District Judge

8